NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>GOMEZ, Correctional Officer; SANCHEZ,<br>Correctional Officer,<br><br>              Defendants-Appellees. | No. 17-15358<br><br>D.C. No. 1:15-cv-00859-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before:      SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Guillermo Cruz Trujillo, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Trujillo consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process and retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Trujillo's due process claim because Trujillo had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A] . . . deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Trujillo's retaliation claim because Trujillo failed to allege facts sufficient to show that Trujillo's filing of a grievance was the substantial or motivating factor behind defendants' alleged conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the

17-15358

defendant's conduct." (citation and internal quotation marks omitted)).

**AFFIRMED.**